IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **THOMAS J. STANLEY, PH.D d/b/a AFFLUENT MARKET INSTITUTE, INC.** | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 1:08-CV-3415 |
| v. | ) ) | |
| **NATIONAL BOOK NETWORK, INC.** | ) ) | |
| Defendant. | ) ) | |

### DEFENDANT NATIONAL BOOK NETWORK, INC.'S ANSWER AND COUNTERCLAIMS

COMES NOW, Defendant National Book Network, Inc. (hereinafter "Defendant NBN" or "Defendant"), by its attorneys, Buckley Brown, P.C. and Hernstadt Atlas LLP, and files this its Verified Answer (See Verification attached herewith as Exhibit "A") to Plaintiff's Verified Complaint for Declaratory and Equitable Relief, dated October 6, 2008 (hereinafter the "Plaintiff's Complaint") and its counterclaims, and shows the Court as follows:

1

## FIRST DEFENSE

Plaintiff's Complaint, and each and every claim contained therein, fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff has failed to join William D. Danko, Plaintiff's co-author of *The Millionaire Next Door* and a required party under Rule 19 of the Federal Rules of Civil Procedure. Because Plaintiff is seeking to invalidate the Bill of Sale and Assignment Agreement between Defendant NBN and Longstreet Press, Inc., which would give Plaintiff the full and exclusive rights in and to the Publishing Contract and to royalties payable thereunder, Mr. Danko, among other things, has an interest in Plaintiff's claims and in the outcome this action.

## THIRD DEFENSE

Defendant NBN acquired rights to, among other things, *The Millionaire Next Door* in good faith in an arms-length transaction for value with Longstreet Press, Inc. and without knowledge of the dispute between Plaintiff and Longstreet Press, Inc.

## FOURTH DEFENSE

The claims in Plaintiff's Complaint are barred, in whole or in part, by the doctrines of unclean hands, laches, waiver, acquiescence and/or estoppel.

## FIFTH DEFENSE

To the extent as may be shown by evidence through discovery which provides factual or legal support, Defendant NBN asserts and reserves the defenses of accord and satisfaction, arbitration clauses, assumption of the risk, discharge in bankruptcy, duress, failure of consideration, failure to mitigate, fraud, illegality, lack of proximate cause, license and consent, set-off and payment, release and covenant not to sue, statute of frauds, and any and all statutes of limitation.

## SIXTH DEFENSE

As its Sixth Defense, Defendant responds to the specifically enumerated paragraphs of Plaintiff's Complaint as follows:

### Preliminary Statement

The Preliminary Statement of Plaintiff's Complaint does not include allegations which require a response from Defendant NBN. To the extent it may be read to require a response, Defendant admits Plaintiff has filed the instant action against it. Defendant NBN denies it is liable to Plaintiff in any way.

1.

Defendant admits the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2.

Defendant NBN is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Plaintiff's Complaint and, therefore, denies the same, and refers to the Publishing Contract for the terms, conditions and interpretation thereof.

3.

Defendant denies each and every allegation contained in Paragraph 3 of Plaintiff's Complaint, except Defendant NBN admits that it entered into a Bill of Sale and Assignment Agreement with Longstreet Press, Inc. on or about October 1, 2005 and refers to such agreement for the terms, conditions and interpretation thereof.

4.

Defendant denies each and every allegation contained in Paragraph 4 of Plaintiff's Complaint.

**Longstreet Publishing Contract with Plaintiff**

5.

Defendant NBN is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's

Complaint and, therefore, denies the same, and refers to the Publishing Contract for the terms, conditions and interpretation thereof.

6.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Plaintiff's Complaint and, therefore, denies the same.

7.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of Plaintiff's Complaint and, therefore, denies the same.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of Plaintiff's Complaint and, therefore, denies the same.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Plaintiff's Complaint and, therefore, denies the same.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of Plaintiff's Complaint and, therefore, denies the same.

11.

Defendant denies each and every allegation contained in Paragraph 11 of Plaintiff's Complaint, except that Defendant NBN admits that NBN was a creditor of Longstreet Press, Inc. and that NBN entered into a Bill of Sale and Assignment Agreement with Longstreet Press, Inc. and refers to such agreement for the terms, conditions and interpretation thereof.  As a further response, Defendant NBN denies any allegation inconsistent with the terms of the Bill of Sale and Assignment Agreement with Longstreet Press, Inc.

12.

Defendant denies each and every allegation contained in Paragraph 12 of Plaintiff's Complaint, and refers to the Bill of Sale and Assignment Agreement for the terms, conditions and interpretation thereof.  As a further response, Defendant NBN denies any allegation inconsistent with the terms of the Bill of Sale and Assignment Agreement with Longstreet Press, Inc.

13.

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of Plaintiff's Complaint and, therefore, denies the same.

## Count I – Declaratory Judgment

14.

In response to the allegations contained in Paragraph 14 of Plaintiffs' Complaint, Defendant NBN re-asserts and incorporates herein by reference its previous responses to Paragraphs 1 through 13 of Plaintiffs' Complaint, including all stated defenses as if set out verbatim herein.

15.

Defendant denies each and every allegation contained in Paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies each and every allegation contained in Paragraph 16 of Plaintiff's Complaint, except that Defendant NBN admits that it acquired rights under the Publishing Contract from Longstreet Press, Inc. when it entered into the Bill of Sale and Assignment Agreement, and refers to the Publishing Contract and the Bill of Sale and Assignment Agreement for the terms, conditions and

interpretation thereof.  As a further response, Defendant NBN denies any allegation inconsistent with the terms of the Bill of Sale and Assignment Agreement with Longstreet Press, Inc.

17.

Defendant is without knowledge or information sufficient to form a belief as to whether *The Millionaire Next Door* is presently generating royalties, therefore denying the same, and denies each and every other allegation contained in Paragraph 17 of Plaintiff's Complaint, except  Defendant NBN admits upon information and belief that Simon & Schuster is presently holding not less than $142,000 in royalties from prior sales of *The Millionaire Next Door* and refers to the Publishing Contract for the terms, conditions and interpretation thereof.

18.

Defendant admits that the parties are at an impasse as to each of their respective rights and denies each and every other allegation contained in Paragraph 18 of Plaintiff's Complaint.  To the extent Paragraph 18 states conclusions of law, no answer is required.  To the extent that these averments may be read to require a response, Defendant NBN denies the allegations in this regard.

## Count II – Constructive Trust

19.

In response to the allegations contained in Paragraph 19 of Plaintiffs' Complaint, Defendant NBN re-asserts and incorporates herein by reference its previous responses to Paragraphs 1 through 18 of Plaintiffs' Complaint, including all stated defenses as if set out verbatim herein.

20.

Defendant is without knowledge or information sufficient to form a belief at the present time as to the allegations contained in Paragraph 20 of Plaintiff's Complaint and, therefore, denies the same.

21.

Defendant denies each and every allegation contained in Paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies each and every allegation contained in Paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies each and every allegation contained in Paragraph 23 of Plaintiff's Complaint. To the extent Paragraph 23 states conclusions of law, no

answer is required. To the extent that these averments may be read to require a response, Defendant NBN denies the allegations in this regard.

## Count III -- Accounting

24.

In response to the allegations contained in Paragraph 24 of Plaintiffs' Complaint, Defendant NBN re-asserts and incorporates herein by reference its previous responses to Paragraphs 1 through 23 of Plaintiffs' Complaint, including all stated defenses as if set out verbatim herein.

25.

Defendant denies each and every allegation contained in Paragraph 25 of Plaintiff's Complaint.

26.

To the extent the statements in the Prayer for Relief contained in Plaintiff's Complaint require a response, Defendant NBN denies Plaintiff is entitled to any relief from Defendant under any theory.

27.

Any allegation not specifically admitted herein is hereby denied.

## DEFENDANT'S FIRST COUNTERCLAIM AGAINST PLAINTIFF – DECLARATORY JUDGMENT

1.

Defendant and counterclaim Plaintiff NBN is a Maryland corporation with its principal place of business in Lanham, Maryland at 4501 Forbes Boulevard, Suite 200, Lanham, MD 20706.

2.

Upon information and belief, Plaintiff and counterclaim Defendant Thomas J. Stanley, PH.D. d/b/a Affluent Market Institute, Inc. ("Stanley") is an individual and a resident of the State of Georgia.

3.

This Court has jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. §1332(a) in that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states. In addition, this Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and §§ 1338(a)-(b).

4.

On or about October 1, 2005, NBN entered into a Bill of Sale and Assignment Agreement with Longstreet Press, Inc. pursuant to which it acquired rights in and to, among other things, a book co-written by Stanley, entitled *The*

*Millionaire Next Door*, which Stanley and his co-author had granted to Longstreet Press, Inc. under a Publishing Contract dated December 11, 1995.

5.

Stanley has asserted that the Bill of Sale and Assignment Agreement between NBN and Longstreet Press, Inc., as it pertains to *The Millionaire Next Door,* is null and void as a result of litigation proceedings between Stanley and Longstreet Press, Inc. (proceedings to which NBN was not a party).

6.

NBN asserts that the Bill of Sale and Assignment Agreement between NBN and Longstreet Press, Inc., both as it pertains to *The Millionaire Next Door* and in its entirety, is valid and enforceable.

7.

The parties are at an impasse as to each of their respective rights. Accordingly, NBN asks that this Court declare and clarify the respective rights and interests of the parties.  NBN asks that this Court declare that the Bill of Sale and Assignment Agreement between NBN and Longstreet Press, Inc., as it pertains to *The Millionaire Next Door,* is valid and enforceable.

WHEREFORE, Defendant and counterclaim plaintiff NBN prays for the following relief:

(a)   Judgment dismissing Plaintiff Stanley's Complaint against it in its entirety;

(b)   On Defendant NBN's First Counterclaim, judgment declaring that the Bill of Sale and Assignment Agreement between NBN and Longstreet Press, Inc., as it pertains to *The Millionaire Next Door,* is valid and enforceable;

(c)   Costs and disbursements incurred by Defendant NBN in connection with this action to the extent permitted by law; and

(d)   Such other and further relief as this Court may deem just and proper.

**[Signature on next page]**

Respectfully submitted this 10th day of November, 2008.

**BUCKLEY BROWN, P.C.**

/s/ Timothy J. Buckley III

_____
TIMOTHY J. BUCKLEY III
Georgia State Bar No. 092913
KELLY CHRISTOPER
Georgia State Bar No. 609879
Attorneys for Defendant National
Book  Network, Inc.

2970 Clairmont Road
Suite 1010
Atlanta, Georgia 30329
 (404) 633-9230
(404) 633-9640 (fax)
tbuckley@buckleybrown.com
kchristopher@buckleybrown.com


**DEFENDANT NATIONAL BOOK NETWORK, INC.  DEMANDS TRIAL BY JURY**

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1.B

Counsel for Defendant National Book Network, Inc. hereby certifies that this pleading was prepared in Times New Roman font, 14 point, in compliance with Local Rule 5.1.B.

This 10th day of November, 2008.

        **BUCKLEY BROWN, P.C.**

        /s/Timothy J. Buckley III
        _____
        TIMOTHY J. BUCKLEY III
        Georgia State Bar No.092913
        KELLY CHRISTOPER
        Georgia State Bar No. 609879
        Attorneys for Defendant National
        Book Network, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **THOMAS J. STANLEY, PH.D d/b/a AFFLUENT MARKET INSTITUTE, INC.** | ) ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION FILE NO. 1:08-CV-3415 |
| v. | ) ) | |
| **NATIONAL BOOK NETWORK, INC.** | ) ) | |
| Defendant. | ) ) | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have this day electronically filed DEFENDANT NATIONAL BOOK NETWORK'S ANSWER AND COUNTERCLAIMS using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

David J. Hungeling
Law Office of David J. Hungeling
Peachtree 25th, Suite 599
1718 Peachtree Street
Atlanta, GA 30309

In addition to the foregoing, a true and correct copy of same was sent via U.S. Mail to the following non-CM/ECF participant:

David Atlas
Hernstadt Atlas LLP
11 Broadway, Suite 615
New York, New York 10004

16

This 10th day of November, 2008.

**BUCKLEY BROWN, P.C.**

/s/Timothy J. Buckley III

_____
TIMOTHY J. BUCKLEY III
Georgia State Bar No. 092913
KELLY CHRISTOPER
Georgia State Bar No. 609879
Attorneys for Defendant National
Book Network, Inc.

2970 Clairmont Road
Suite 1010
Atlanta, Georgia 30329
(404) 633-9230
(404) 633-9640 (fax)
tbuckley@buckleybrown.com
kchristopher@buckleybrown.com